## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MARION B. DILLMAN ON BEHALF** | * | |
| **OF HERSELF AND ALL OTHERS** | * | |
| **SIMILARLY SITUATED** | * | |
| | * | **CIVIL NO. 11-102** |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | |
| | * | |
| **JPMORGAN CHASE BANK, N.A.** | * | |
| | * | |
| **Defendant.** | * | |

### DEFENDANT JPMORGAN CHASE BANK, N.A.'S
### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, answer Plaintiff's Complaint (the "Complaint") as follows:

### NATURE OF THE ACTION

1.      Chase admits that Plaintiff purports to bring claims individually and on behalf of a class under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Regulation Z, 12 C.F.R. § 226.1 *et seq.*, 15 U.S.C. § 1666, and state law.  Chase denies the remaining allegations in paragraph 1.

### JURISDICTION AND VENUE

2.      Paragraph 2 contains legal conclusions, and no response is required.  To the extent a response is required, Chase admits the allegations in paragraph 2.

3.      Paragraph 3 contains legal conclusions, and no response is required.  To the extent a response is required, Chase admits the allegations in paragraph 3.

4.      Paragraph 4 contains legal conclusions, and no response is required.  To the extent a response is required, Chase admits that the Court has jurisdiction over this action

pursuant to 28 U.S.C. § 1332(d)(2) because it is brought as a putative class action in which the matter in controversy is alleged by Plaintiff to exceed the sum or value of $5,000,000, exclusive of interests and costs, and at least one member of the class of plaintiffs is a citizen of a State different from any defendant.  However, Chase denies any liability in this case and denies that class treatment is appropriate.

5.      Paragraph 5 contains legal conclusions, and no response is required.  To the extent a response is required, Chase admits the allegations in paragraph 5.

## THE PARTIES

6.      Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6, and therefore denies those allegations.

7.      Chase admits the allegations of paragraph 7.

## FACTUAL ALLEGATIONS

8.      Chase admits that Plaintiff executed a home equity line of credit ("HELOC") agreement with Washington Mutual Bank, FA, but states that the HELOC agreement is dated October 22, 2003.

9.      Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 as to whether Washington Mutual FA issued Plaintiff a credit card in connection with the HELOC.

10.     Chase states that Plaintiff's HELOC agreement speaks for itself.  Chase further states that the section of Plaintiff's HELOC agreement Plaintiff purports to quote in paragraph 10 represents only a portion of the HELOC agreement.

11.     Chase states that Plaintiff's HELOC agreement speaks for itself.  Chase denies that the summary of Plaintiff's HELOC agreement in paragraph 11 is a true, correct and/or complete representation of the language contained in the HELOC agreement, and the meaning of the terms in the agreement.

12.     Chase admits that on September 25, 2008, the Office of Thrift Supervision ("OTS") seized Washington Mutual Bank ("WAMU") and placed it into a receivership of the Federal Deposit Insurance Company ("FDIC").   Chase further admits that on September 25, 2008, Chase entered into a Purchase and Assumption Agreement with the FDIC acting in its corporate capacity as well as receiver for WAMU under which Chase agreed to purchase certain WAMU assets and certain WAMU liabilities.  Chase admits that, through the Purchase and Assumption Agreement, it acquired Plaintiff's HELOC.

13.     Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 because, based on its investigation to date, Chase has been unable to locate an October 2008 letter with the language referenced in paragraph 13, and therefore Chase denies the allegations in paragraph 13 as stated.

14.     Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14, and therefore denies those allegations.

15.     Chase admits that from October 2008 through the statement ending July 11, 2009, the name Washington Mutual was used on Plaintiff's account statements.  Beginning with the statement ending August 12, 1009, the name Chase was used on Plaintiff's account statements.

16.     Chase admits that it applied payments on Plaintiff's HELOC in a manner that did not violate the terms of the HELOC.

17.     Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 about what Plaintiff "noticed", and therefore denies those allegations.  Chase denies the remaining allegations in paragraph 17.

18.     Chase admits that Plaintiff's statement covering the period from August 13, 2010 through September 11, 2010 states that a minimum payment of $56.96 was due, and that a payment was made in the amount of $125.00.  Chase denies that it applied Plaintiff's payments in violation of the terms of her HELOC agreement.

19.     Chase admits the first and third sentence of paragraph 19.  Chase denies the remaining allegations in paragraph 19, and denies that it applied Plaintiff's payments in violation of the terms of Plaintiff's HELOC agreement.

20.     Chase admits that it received a letter from Plaintiff dated November 2, 2009. Chase states that Plaintiff's letter speaks for itself.  Chase admits that on November 18, 2009, it sent a letter to Plaintiff directing her how to make payments to her HELOC account.  Chase denies that Plaintiff followed the instructions set forth in its November 18, 2009 letter, and denies the remaining allegations in paragraph 20.

21.     Chase admits that it received a letter from Plaintiff dated March 1, 2010.  Chase states that Plaintiff's letter speaks for itself.  Chase admits that on March 23, 2010, it sent a letter to Plaintiff directing her how to make payments to her HELOC account.  Chase states that its March 23, 2010 letter speaks for itself, and that the section of the letter Plaintiff purports to quote represents only a portion of the letter.  Chase denies that it applied Plaintiff's payments in violation of the terms of her HELOC agreement, and denies that Plaintiff followed the

instructions set forth in its March 23, 2010 letter.  Chase denies the remaining allegations in paragraph 21.

22.     Chase denies the allegations in paragraph 22.

23.     Chase denies the allegations in paragraph 23.

## COUNT ONE
## THE FAIR CREDIT BILLING ACT

24.     Chase incorporates its answers to paragraphs 1 through 23 of this Complaint as though fully set forth herein in response to paragraph 24.

25.     Paragraph 25 contains legal conclusions, and no response is required.  To the extent a response is required, Chase denies the allegations in paragraph 25.

26.     Paragraph 26 contains legal conclusions, and no response is required.  To the extent a response is required, Chase denies the allegations in paragraph 26.

27.     Paragraph 27 contains legal conclusions, and no response is required.  To the extent a response is required, Chase denies the allegations in paragraph 27.

28.     Paragraph 28 contains legal conclusions, and no response is required.  To the extent a response is required, Chase denies the allegations in paragraph 28.

29.     Chase denies the allegations in paragraph 29 and all of its subparts.

30.     Chase denies the allegations in paragraph 30.

## COUNT TWO
## VIOLATION OF TILA AND REGULATION Z

31.     Chase incorporates its answers to paragraphs 1 through 30 of this Complaint as though fully set forth herein in response to paragraph 31.

32.     Chase denies the allegations in paragraph 32.

33.     Paragraph 33 contains legal conclusions, and no response is required.  To the extent a response is required, Chase denies that the allegations in paragraph 33 fully or accurately state the requirements of the Truth-in-Lending Act and further denies that Chase in any way violated the Truth-in-Lending Act.  Chase denies the remaining allegations in paragraph 33.

34.     Chase denies the allegations in paragraph 34.

35.     Chase denies the allegations in paragraph 35.

## COUNT THREE
## BREACH OF CONTRACT

36.     Chase incorporates its answers to paragraphs 1 through 35 of this Complaint as though fully set forth herein in response to paragraph 36.

37.     Chase admits that, through the Purchase and Assumption Agreement, it acquired Plaintiff's HELOC.  Chase further admits that the HELOC agreement constitutes a contract between Plaintiff and Chase.  Chase denies the remaining allegations in paragraph 37.

38.     Chase denies the allegations in paragraph 38.

39.     Chase denies the allegations in paragraph 39.

## COUNT FOUR
## BREACH OF IMPLIED COVENANTS

40.     Chase incorporates its answers to paragraphs 1 through 39 of this Complaint as though fully set forth herein in response to paragraph 40.

41.     Chase admits the allegations in paragraph 41.

42.     Chase denies the allegations in paragraph 42.

43.     Chase denies the allegations in paragraph 43.

44.     Chase denies the allegations in paragraph 44.

45.     Chase denies the allegations in paragraph 45.

46.     Chase denies the allegations in paragraph 46.

## CLASS ACTION ALLEGATIONS

46.     Chase incorporates its answers to paragraphs 1 through 46 of this Complaint as though fully set forth herein in response to paragraph 46.[1]

47.     Chase admits that Plaintiff purports to bring this action on behalf of a class as defined in paragraph 47, but denies that Plaintiff has met the requirements for certifying a class under Federal Rule of Civil Procedure 23, and denies the remaining allegations in paragraph 47 and each of its subparts.

48.     Chase admits that Plaintiff purports to bring this action on behalf of a subclass as defined in paragraph 48, but denies that Plaintiff has met the requirements for certifying a subclass under Federal Rule of Civil Procedure 23, and denies the remaining allegations in paragraph 48.

49.     Chase admits that Plaintiff seeks to exclude from the purported class and subclass Chase and its respective parents, subsidiaries, and affiliates, any judge or magistrate presiding over this action and members of their families, and any governmental entities.  Chase denies that Plaintiff has met the requirements for certifying a subclass under Federal Rule of Civil Procedure 23.

50.     Chase denies that class treatment is appropriate in this case and further denies that any "class," "subclass" or "class members" exist.

---

[1] There are two paragraphs numbered "46" in the Complaint.

51.    Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51, and therefore denies those allegations.

52.    Chase denies the allegations in paragraph 52.

53.    Chase denies the allegations in paragraph 53 and all of its subparts.

54.    Chase denies the allegations in paragraph 54.

55.    Chase denies the allegations in paragraph 55.

56.    Chase denies the allegations in paragraph 56.

To the extent any allegations in the Complaint and/or prayers for relief and requests for damages are not expressly admitted those allegations are denied.

## AFFIRMATIVE DEFENSES

Chase alleges the following affirmative defenses and reserves the right to assert additional affirmative defenses disclosed during discovery:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims, as well as the claims of the putative class, are barred by the doctrine of unclean hands.

3.    Plaintiff's claims, as well as the claims of the putative class, are barred by the doctrine of estoppel.

4.    Plaintiff's claims, as well as the claims of the putative class, are barred by the doctrine of waiver.

5.    Plaintiff's claims, as well as the claims of the putative class, are barred by the doctrine of laches.

6.     Plaintiff, as well as members of the putative class, failed to mitigate damages, if any, the existence of which are denied.

WHEREFORE, Defendant JPMorgan Chase Bank N.A. respectfully requests entry of judgment in its favor on all claims asserted in Plaintiff's Complaint and such further relief as the Court finds just and appropriate.

Dated:  April 20, 2011                              Respectfully submitted,


                                           s/ Matthew C. McDonald
                                          MATTHEW C. MCDONALD (MCDOM2996)

Matthew C. McDonald
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
254 State Street
Mobile, Alabama 36603
Tel: (251) 432-1414
mmcdonald@joneswalker.com

and

Danielle J. Szukala (*pro hac vice*)
Tiffany L. Sorge Smith (*pro hac vice*)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Earl P. Underwood, Jr.
Kenneth J. Riemer
Underwood & Riemer
21 South Section Street
Fairhope, Alabama 36532

                    s/ Matthew C. McDonald
                    MATTHEW C. MCDONALD