```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

MARION B. DILLMAN                   :
ON BEHALF OF HERSELF AND OTHERS:
SIMILARLY SITUATED                  : CIVIL ACTION 11-0102-KD-M
                                    :
    Plaintiff,                    :
                                    :
vs.                                 :
                                    :
JP MORGAN CHASE BANK, N.A.          :
                                    :
    Defendant.                    :

RULE 16(b) SCHEDULING ORDER ON CLASS CERTIFICATION ISSUES

After consideration of the Report of Parties' Planning Meeting (Doc. 12) and the pleadings of the parties, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b) governing discovery on the class certification issues and Plaintiff's individual claims.

1.  DISCOVERY COMPLETION.  All discovery on the class certification issues and Plaintiff's individual claims, including experts, if any, is to be completed on or before **November 18, 2011.  Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery**.

    For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production and responses thereto have been served; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions, taken; and motions to compel timely filed to give adequate time for the Court to consider them[1]; and non-party subpoenas (for production of evidence or to permit inspection) issued.

---

[1] *See* paragraph 6(b).

2.     INITIAL DISCLOSURES.  The initial disclosures required by Fed.R.Civ.P. 26(a)(1) pertaining to class certification issues and Plaintiff's individual claims are **ORDERED** to be made by the parties **not later than May 27, 2011.**

3.     EXPERT TESTIMONY.  The disclosure of expert testimony, including reports, as required by Fed.R.Civ.P. 26(a)(2) is to be made by Plaintiffs on or before **September 23, 2011,** and by Defendant on or before **October 21, 2011**.

4.     SUPPLEMENTATION.  Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably".

5.     DISCOVERY LIMITS.  Discovery on class certification issues and Plaintiff's individual claims is limited as follows:

   a.   Not more than **25** interrogatories, including all discrete subparts, may be served by each party upon any other party.  Responses are due within thirty (30) days of service;

   b.   Not more than **10** depositions may be taken by each party.  Each deposition is limited to a maximum of **5 hours** unless extended by agreement of the parties;

   c.   Not more than **25** requests for admissions, including all discrete subparts, may be served by each party upon any other party.  Responses are due within [STOP]thirty (30) days of service; and

   d.   Not more than **25** requests for production of documents, including all discrete subparts, may be served by each party upon any other party.  Responses are due within [STOP]thirty (30) days of service.  Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

In applying these limits, all parties represented by the same counsel will be treated as a single party.

6.     DISCOVERY MOTIONS.  The following requirements pertain to discovery motions filed in this Court:

   a.   Conferencing by Counsel. The conferencing requirements set forth in the Federal Rules of Civil Procedure

2

and this order will be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension of time on discovery-related issues.  This requirement applies to all such discovery-related motions, including but not limited to, those referred to in Fed.R.Civ.P. 26(c) (protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical or mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (order compelling disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); and 45(c) (protection of persons subject to subpoena).  In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter.  Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties.  Any such motion not containing the required certification will be stricken or denied.[2]

      b.    _Time of Filing; Form_.  A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in

---

[2]The undersigned interprets the Federal Rules of Civil Procedure to mean that parties should attempt in good faith to work out any discovery disputes _prior_ to asking for court intervention.  When court intervention is required, the requesting party _must_ certify to the Court its good faith efforts in resolving the issue short of court intervention.  _See e.g._, _Shuffle Master, Inc. v. Progressive Games, Inc._, 170 F.R.D. 166, 171 (D.Nev. 1996) ("[c]ounsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties .... [t]hat is, a certificate must include, _inter alia_, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.")

a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

      c.  <u>Time for Response</u>.  Unless within eleven (11) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the response is based.

      d.  <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.  Furthermore, the parties are to comply with the additional procedure set out in Paragraph H (pages 7-10) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998), which can be found on the Court's website, <u>http://www.alsd.circ11.dcn/</u> at Docs/Links, Attorney Info.

    7.  <u>Dispositive Motions</u>. Plaintiff's Motion for Class Certification with supporting brief, and any dispositive motions relative to Plaintiff's individual claims, are to be filed not later than **December 2, 2011.** Defendant's response to the class certification motion is to be filed not later than **January 6, 2012.**  A briefing scheduling order will be entered if a dispositive motion is filed.

    8.  <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.  Unless prior permission of the Court is given:

      a.  A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in

length.  Attachments to the brief do not count toward the page limitation.  *See* LR 7.1(b).

     b.  An application to the Court for an order shall be by motion, not by letter.  <u>See</u> Fed.R.Civ.P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter.  *See* LR 5.1(d).

     c.  Courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's chambers.  A copy of a pleading, motion, or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; simply refer to it.  If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to the Judge's chambers by mail or hand delivery.

     d.  Papers transmitted to the Court by facsimile will not be accepted for filing.  A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, <u>http://www.alsd.circ11.dcn/</u>.

    9.  <u>LOCAL RULES</u>.  The Local Rules and Standing Orders of this District contain important requirements concerning commencement of discovery, motions to dismiss and for summary judgment, class actions, and other matters and can be found on the Court's website, <u>http://www.alsd.circ11.dcn/Local Rules/Standing Orders</u>.  Please note that LR 5.5 proscribes the filing of most discovery materials.

    10.  <u>OTHER</u>.  The parties are **ORDERED** to file a supplemental Rule 26(f) report not later than twenty-one days from the date of the Court's ruling on Plaintiff's Motion for Class Certification, after which time an amended Rule 16(b) scheduling order will be entered.

    DONE this 16th day of May, 2011.

                       <u>s/BERT W. MILLING, JR.</u>
                         UNITED STATES MAGISTRATE JUDGE