IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARION B. DILLMAN, on behalf of herself and all others similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | **CIVIL ACTION NO. 11-0102-KD-M** |
| **JP MORGAN CHASE BANK, N.A.,** ) ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the suggestion of death of Marion B. Dillman pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure (doc. 51).  Upon consideration and for the reasons set forth herein, the suggestion is <u>stricken</u>.

Rule 25(a)(1) provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. Rule 25(a)(1).  Under the Rule, serving a "statement noting the death", i.e., a suggestion of death, triggers a ninety (90) day period during which a motion for substitution should be filed.  The Rule does not specifically identify who has authority to serve the statement, but does state that a motion for substitution may be made by a party or by the decedent's successor or representative.  At least one district court has interpreted this Rule to render a suggestion of death as ineffective unless it was filed and served by a party or a successor or representative of the decedent, and not effective if filed by the deceased plaintiff's counsel.  The district court explained as follows:

> The statement of death filed by Plaintiff's counsel was not filed on the record by one having authority to do so. At the time it was filed Plaintiff's counsel represented the decedent Arthur Schmidt and had not yet been retained by Dennis Schmidt the personal representative.

>Filing a suggestion of death on the record has a very narrow role-it commences the 90 day period within which a motion for substitution must be filed. [ ] As such, it serves the adversarial function of expediting the substitution of deceased parties. "In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's side the obligation to move for the substitution of a party, as a tactical maneuver of an adversary premised upon expediting the action or getting it dismissed." [ ] On the other hand, it would be highly unusual for a representative of a deceased plaintiff to file a suggestion of death since doing so is not a prerequisite to filing a motion for substitution and would otherwise be contrary to the interests of the deceased party's estate. [ ]
>
>Accordingly, because the act of filing a statement of death on the record has the potential to have a dispositive impact on the underlying litigation, only statements of death filed by persons acting with authority should be given effect under Rule 25(a).
>
>While Rule 25(a) does not explicitly specify who may properly serve the suggestion of death, courts have construed the rule so as to allow the suggestion to be filed by any of the same persons who are permitted to move for substitution. [ ] Thus, a suggestion of death is ineffective under Rule 25(a) unless it is filed by either a party, or by a representative of the deceased party. [ ]

*Schmidt v. Merrill Lynch Trust Co.,* 2008 WL 2694891, 2 (M.D. Fla., 2008) (footnotes omitted) (noting 3B Moore's Federal Practice § 25.13[1]).

Earl Underwood filed the suggestion of death as counsel for plaintiff Dillman. He did not indicate whether he has been retained by a successor or representative of Dillman, the deceased party. He has not filed a motion for substitution on behalf of a successor or representative. Because the Court is uncertain as to whether Underwood as counsel for Dillman has authority to file and serve[1] the suggestion of death, it is hereby stricken.

**DONE** and **ORDERED** this the 29th day of May, 2012.

s/Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] Under Rule 25(a)(3), service of a statement noting death must be served upon a party pursuant to Rule 5 and on non-parties such as the decedent's successor or representative pursuant to Rule 4. The certificate of service on the suggestion of death does not indicate service upon a non-party pursuant to Rule 4. Hence, there is nothing before the Court to indicate whether Underwood served the suggestion of death upon Dillman's successor or representative.